RUSSEL LORD, ADMINISTRATOR OF SAMUEL LORD, v. BENJAMIN AND AUSTIN WATERHOUSE, EXECUTORS OF GIDEON WATERHOUSE.

Money extorted by an unlawful execution, shall be considered a payment of the debt.

ERROR to reverse a judgment of the County Court in an action brought by said Russel, administrator aforesaid, against said Benjamin and Austin, executors aforesaid, upon a note given by said Gideon to said Samuel for £16 13s. lawful money, payable on demand with interest, dated the 1st of June A. D. 1774. Demanding £30.

Plea in bar — That having prayed oyer of said note it hath the following indorsements, viz. recites them, among which is one in these words, judgment obtained on the above note June 10, 1790, before me Thomas Silliman, justice of the

peace; and the defendants say that the plaintiff sued them on said note before Justice Silliman, and declared upon said note as given to Samuel Lord, Sr. and having indorsed it down to £6 he recovered judgment against them upon said note before said justice for £5 14s. 5d. lawful money damages and eight shillings three pence cost; upon which judgment the plaintiff afterwards prayed out an execution on said judgment by Elijah Waterhouse assignee of said note for the sums therein contained, against the proper goods and estate of the defendants and for want thereof to take and imprison their bodies — which execution was delivered to William Warner, constable, and on the 17th of August 1790, said Austin paid said execution to said constable and the same was indorsed, satisfied and the money paid over to the plaintiff.

Plaintiff replied — That said Elijah Waterhouse, when he delivered said execution to said constable, directed him to levy it on the body of said Benjamin Austin if estate was not to be found, and said constable did levy said execution on the body of the said Austin and held him four days, and was about to commit him to prison, and said Austin to avoid being imprisoned, paid said execution to said constable, who paid the same to said Elijah; that said execution hath been no otherwise paid, and that said Austin afterwards commenced his action against said Elijah for said wrongful imprisonment to the County Court, held on the second Tuesday of November 1790, alleging therein that said Elijah held him as aforesaid until he paid £15 lawful money for his release, demanding £50 damages; which cause was appealed to the Superior Court, before which said Austin recovered in said action £9 lawful money damages and his cost; which judgment has been duly paid and satisfied.

The defendant rejoined — That said Russel Lord recovered judgment against said Benjamin and Austin as executors aforesaid upon another note, which was assigned to said Elijah for the sum of £3 16s. 10d. damages and cost five shillings and eleven pence, before Justice          on the 28th of May A. D. 1790. Also a judgment on book for £1 16s. debt and eight shillings and five pence cost; on both which judgments said Elijah took out executions in the name of said Russel

Lord as aforesaid, for the sums therein contained; which executions were against said Benjamin and Austin, executors aforesaid, to levy of their own proper estate, and for want thereof to commit their persons to prison; both which executions were by the direction of the said Elijah, levied by said Constable Warner, on the body of said Austin with said other executions on said 13th of August A. D. 1790; and to prevent his being committed to prison, the said Austin on said 17th of said August paid all three of said executions to said Constable Warner, which by him was paid over to said Elijah, the assignee of said debts; and the jury in the action of false imprisonment brought by said Austin against said Elijah aforesaid, did not allow or assess any damages for the money paid as aforesaid, but gave damages only for the special injury. The plaintiff demurred.

Judgment of the County Court — That the defendants' rejoinder was sufficient.

Errors assigned — 1st. That the note on which, etc. and the note on which said former judgment was recovered, doth not appear to be the same. One was given to Samuel Lord and the other appears to have been given to Samuel Lord, Sr. 2d. That the money taken upon said execution was unlawfully and tortiously taken and cannot be considered as a payment. 3d. That said justice had no jurisdiction to render judgment on said note, it being for £16 13s.

Judgment of this court — That there is nothing erroneous in the judgment complained of. It doth not appear but that Samuel Lord and Samuel Lord, Sr. are one and the same. The note by the plaintiff's declaration appears to have been indorsed down to a sum within the justice's jurisdiction. It also appears that no part of the money paid upon the executions was recovered back in the action of false imprisonment, but special damages only for the injury; and it is incompetent for the plaintiff to say, that the money the defendants paid him on the executions shall not avail them as a payment, because he extorted it from them in an illegal and tortious manner.